Hammermill Paper Company and Liberty Mutual Insurance Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Harry B. Gallagher, Respondents.

Argued March 10, 1977, before Judge CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Ruth V. Simon,* with her *Stephen J. Harlen* and *Joseph R. Thompson,* for petitioners.

No appearance for respondents.

OPINION BY JUDGE CRUMLISH, JR., June 3, 1977:

Hammermill Paper Company (Appellant) appeals a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's denial of Appellant's petition to terminate benefits to Harry B. Gallagher (Claimant).

In February of 1974, Claimant injured his left knee as a result of a work-related fall. Testimony of record discloses that Claimant was diabetic and in August of 1974 he developed diabetic neuropathy in both legs. Medical testimony also reveals that Claimant presently suffers from traumatic arthritis. The referee, after a hearing and depositions of expert medical witnesses, denied Appellant's petition to terminate benefits. Upon appeal, the Board affirmed.

Appellant raises two issues for our consideration. First, it contends that the Board erred in failing to remand to the referee for more specific findings of fact as to the injuries sustained by Claimant as a result of his fall. Next, it contends that the record is devoid of substantial evidence to support the finding that Claimant continues disabled as a result of the injuries suffered in his 1974 work-related fall. We reject both arguments and affirm.

Although the referee's findings of fact may have been inartfully drawn, we agree with the Board that a remand is unnecessary. A thorough review of the referee's findings convinces us that they were indeed sufficient to enable the Board to perform its proper function of review. See Page's Department Store v. Velardi, 464 Pa. 276, 346 A.2d 556 (1975). The findings of fact essential to a determination of Claimant's current disability and the relationship of this disability to the 1974 work-related injury are included in the referee's decision.

As to Appellant's second argument, we reiterate the limitation of our review power: where the party

with the burden of proof failed below, we may only determine whether the findings of fact are consistent with each other and with the conclusions of law, and whether there has been a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Sullivan,* 22 Pa. Commonwealth Ct. 386, 348 A.2d 925 (1975). The record made before the referee convinces us that Appellant's second contention must likewise fall. Sufficient, competent evidence supports the referee's finding that Claimant is still totally disabled as a result of his initial work-related injuries, and hence, it cannot be successfully argued that the referee capriciously disregarded competent evidence.

Accordingly, we

### ORDER

AND Now, this 3rd day of June, 1977, the decision of the Workmen's Compensation Appeal Board is hereby affirmed.