Pittsburgh Des Moines Steel Company and Liberty Mutual Insurance Company, Insurance Carrier, Appellants *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Edward C. Schaub, Appellees.

Argued May 5, 1977, before Judges KRAMER, MEN-
CER and ROGERS, sitting as a panel of three. Judge
KRAMER did not participate in the decision.

*Thomas J. Ferris,* with him *Clem R. Kyle,* for ap-
pellants.

*Alexander J. Pentecost,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, September 9, 1977:

Pittsburgh Des Moines Steel Corporation (employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's reinstatement of benefits for total disability to Edward C. Schaub.

Schaub, who had a history of lower back problems, sustained an accidental injury to his lower back on March 13, 1968, while in the course of his employment as a welder. Thereafter, he and his employer of fifteen years entered into a compensation agreement which provided benefits for Schaub's temporary total disability. Although Schaub returned to work about two weeks later, his condition forced him to leave after four days. A supplemental agreement which reflected the recurrence of Schaub's accident-related total disability for the period of one day was executed by the parties.

Over the next three years, five more supplemental agreements were executed and approved. All referred to temporary total disability resulting from Schaub's 1968 accident. During this period, Schaub also suffered from other health problems unrelated to the 1968 accident.

On September 19, 1971, Schaub was again visited with the acute lower back pain with which he was now so familiar. He left work. On September 22, he saw his treating physician, Dr. John B. Blakley.[1] On September 27, Schaub returned to work, and the following day another supplemental agreement was executed

---

[1] Dr. Blakley, an orthopedic surgeon who had treated Schaub since 1958, had been recommended to Schaub by the employer's insurance carrier.

which stated that Schaub suffered a small residual disability not reflected in the loss of earning power and that compensation payments were therefore suspended until his accident-related disability reflected itself in loss of earning power.

Over the following years, Schaub's general health apparently took a turn for the worse. After several prolonged absences from work which were due to health problems unrelated to his 1968 accident, he returned to work on April 9, 1973. The same day the acute lower back pain returned. Schaub left work and was subsequently admitted to a hospital. There he was treated by Dr. Blakley. After discharge, his condition did not improve, and in early May of 1973 Dr. Blakley informed both Schaub and his employer that he would never return to his previous occupation.

Schaub filed a petition to reinstate the compensation which had been suspended by the September 28, 1971 supplemental agreement. A hearing was held by a referee, at which Schaub testified that his condition had worsened since 1971. A deposition of Dr. Blakley was also offered and admitted into evidence without objection. Therein Dr. Blakley testified that Schaub's present disability was the result of a herniated lumbar disc which was caused by multiple small injuries over the years and the final injury in 1968. He described that injury as the aggravating factor.

The referee granted Schaub's reinstatement petition and awarded benefits for total disability. When the Board affirmed without taking additional evidence, the employer appealed to this Court.

As we have previously stated, our scope of review is limited here to a determination of whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was un-

supported by substantial evidence. *Workmen's Compensation Appeal Board v. Booth & Flinn Co.*, 18 Pa. Commonwealth Ct. 369, 336 A.2d 448 (1975).

The claimant here, as the moving party, had the burden of proving not only that he is totally disabled, but that the condition created by the accident for which he is entitled to compensation has changed from its previously determined extent. *Booth & Flinn Co., supra; accord, Pardee v. Erie City Iron Works*, 9 Pa. Commonwealth Ct. 253, 305 A.2d 741 (1973). The claimant had to prove his case by precise and credible evidence which was of a more definite and specific nature than that upon which initial compensation is based. *Gill v. Fives*, 170 Pa. Superior Ct. 564, 88 A. 2d 109 (1952).

The employer does not contest the compensability of Schaub's 1968 injury and disabilities resulting therefrom on the grounds of Schaub's preexisting condition. *See Workmen's Compensation Appeal Board v. Universal Cyclops*, 20 Pa. Commonwealth Ct. 261, 341 A.2d 223 (1975). Rather, it raises two other arguments: (1) that Schaub has not proved a change in his condition between the time in September 1971 when the last supplemental agreement for compensation was executed and the time in April 1973 when he again became totally disabled and (2) that those findings of fact which relate Schaub's April 1973 total disability to his 1968 accident are not supported by substantial competent evidence.

We hold that no error was committed by determining that Schaub had proved a change in condition between September 28, 1971 and April 9, 1973. Schaub himself testified that, while he felt good *after* treatment by Dr. Blakley in September 1971, he has felt worse than ever since April 9, 1973. Deposition testimony by Dr. Blakley does not suggest otherwise;

rather, it supports the proposition that since April 1973 Schaub has been totally disabled.[2]

We further hold that those findings of fact which causally relate Schaub's 1973 total disability to his 1968 accident are supported by substantial competent evidence. In so holding, we reject the employer's contention that, because Dr. Blakley diagnosed disc degeneration rather than disc herniation in 1968 and because he did not personally perform a 1970 laminectomy, his opinion as to the cause of Schaub's disability is not substantial competent evidence.

As previously noted, Dr. Blakley opined that Schaub's disability was due to a herniated disc which itself was caused by multiple small injuries over the years and a final injury in 1968. Dr. Blakley explained why certain 1968 clinical findings, the basis for which included reflex tests, were suggestive of herniation. In his causation testimony he also apparently relied on a copy of a discharge summary from the hospital at which the 1970 operation was performed. Mindful that the compensation authorities are not bound by the common law and statutory rules of evidence, Section 422 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §834, we cannot agree that Dr. Blakley's opinion as to the cause of Schaub's disability is not competent evidence. Moreover, because

---

[2] At one point Dr. Blakley testified that Schaub's condition was essentially the same in September 1971 as in April 1973. It will be recalled, however, that Dr. Blakley treated Schaub on September 22, 1971. This was within the period during which the employer agreed Schaub was totally disabled as a result of the 1968 accident. It was about five days *later* that Schaub returned to work and agreed with his employer that he was no longer totally disabled as a result of the 1968 accident. Thus the doctor's testimony regarding Schaub's condition in September 1971 does not directly pertain to Schaub's condition at the time the agreement in question was executed.

we conclude that this testimony is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion on causation, we deem this testimony substantial evidence. *See Workmen's Compensation Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975).

## Order

And Now, this 9th day of September, 1977, the appeal of Pittsburgh Des Moines Steel Corporation is hereby dismissed, and the order of the Workmen's Compensation Appeal Board is affirmed. Accordingly, it is ordered that Compensation Agreement No. 518-473 is reinstated as of April 10, 1973, and that judgment be entered in favor of Edward C. Schaub and against Pittsburgh Des Moines Steel Corporation and Liberty Mutual Insurance Company in the amount of $52.50 per week for the period April 10, 1973 to June 30, 1975, inclusive, and in the amount of $60 per week beginning July 1, 1975 and continuing until such time as disability changes in nature or extent or ceases and terminates, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

The additional $7.50 per week due beginning July 1, 1975 is to be paid by Liberty Mutual Insurance Company and to be reimbursed by the Commonwealth of Pennsylvania in accordance with law.

Judge Kramer did not participate in the decision in this case.