Hugh Edward Priddy, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Lee Heffner Ford, Respondents.

Argued March 8, 1979, before Judges WILKINSON, JR., MENCER and DISALLE, sitting as a panel of three.

*Alan J. Candell,* for petitioner.

*Richard A. Bausher,* with him *Stevens & Lee,* for respondent.

OPINION BY JUDGE WILKINSON, JR., April 12, 1979:

This is an appeal from a Workmen's Compensation Appeal Board (Board) order affirming a referee's denial of benefits to petitioner (claimant). We affirm.

While in the employ of respondent (employer), claimant, an auto body repairman, sustained a back injury on July 14, 1972, described in the subsequent compensation agreement executed by the parties as an "acute lumbo-sacral sprain." By virtue of that agreement, claimant received temporary total disability compensation for two weeks and partial disability compensation for another nine days. The agreement further reveals an acknowledgment of new employment on August 7, 1972 at no loss in earnings. On

March 19, 1974, claimant experienced severe lower back pain while changing a set of automotive spark plugs and, as a result, was admitted to a hospital on April 2, 1974 where he was treated with medication, physical therapy, and bed rest. By claim petition filed June 25, 1974, claimant commenced the present action.[1]

A thorough review of the record has failed to substantiate claimant's assertion that the referee and Board capriciously disregarded competent evidence. Claimant's medical evidence consisted of the deposition of a doctor who treated claimant during his hospital stay in April, 1974. The referee specifically rejected this testimony stating, ''I am not impressed nor persuaded to any great extent by this physician's testimony. . . .''

Where the Board has not taken additional evidence, the referee as the ultimate fact finder has wide latitude in weighing the probative value of offered evidence and may in proper circumstances reject even uncontradicted testimony. *Workmen's Compensation Appeal Board v. Guzman,* 18 Pa. Commonwealth Ct. 275, 334 A.2d 852 (1975). Our examination of the medical testimony satisfies us that the referee's rejection of that testimony was entirely appropriate.

By way of background it should be pointed out that this doctor's initial examination of claimant occurred more than 20 months after the 1972 accident. The doctor acknowledged that he did not have access to any medical documentation concerning claimant's medical history; for information concerning the 1972 accident and subsequent events the doctor could only rely on statements given by claimant. The doctor

---

[1] Although this action was originally instituted by means of a claim petition, we are in agreement with the referee and board that under the facts of this case it was appropriate to treat it as a petition for reinstatement.

conceded during cross-examination that he was unable to express any opinion as to any disability claimant may have had prior to April, 1974. Although these facts standing alone might sufficiently impugn the doctor's credibility, we think it useful to briefly examine some of the actual testimony.

Based on the results of a lumbar myelogram, the doctor expressed as his diagnosis that claimant *"possibly* had a protruded intervertebral disc rather than a herniated disc, with no nerve root involvement. *It was considered a normal myelogram."* (Emphasis added.) When questioned concerning the claimant's present ability to perform the tasks required of an auto body repairman the doctor stated that, on the basis of his most recent examination, claimant "would be physically capable of performing these tasks. However, *based on his interim history,* it would *seem* that he could do such tasks only at the expense of *some* discomfort and at the *risk of some* further advancement of this process." (Emphasis added.) Where a doctor testifies that the results of his clinical examination prove to be normal and has only the claimant's statements concerning his medical history on which to base a rather equivocal finding of disability we are not prepared to say that rejection of such testimony constitutes a capricious disregard of evidence.

It is important in this case to remember that claimant

> had the burden of proving not only that he is totally disabled, but that the condition created by the accident for which he is entitled to compensation has changed from its previously determined extent. [Citation omitted.] The claimant [has] to prove his case by precise and credible evidence which [is] of a more definite and specific nature than that upon which initial compensation is based.

*Pittsburgh Des Moines Steel Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 530, 534, 377 A.2d 833, 835 (1977). If this were an initial claim petition we would have serious doubts about the sufficiency of claimant's medical evidence, and in the present context of what is actually a petition for reinstatement all such doubts are resolved against this claimant.

Accordingly, we will enter the following

ORDER

AND Now, April 12, 1979, the order of the Workmen's Compensation Appeal Board, dated April 6, 1978 at Docket No. A-72902 dismissing the appeal of claimant, Hugh Edward Priddy, is hereby affirmed.