John Kunicki, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Frank Felice, Respondents.

Argued December 12, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Gene E. Goldenziel, Needle and Goldenziel,* for petitioner.

*Nathan Hyman,* for respondents.

OPINION BY JUDGE ROGERS, January 13, 1981:

John Kunicki has appealed from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision dismissing Kunicki's Reinstatement and/or Modification Petition.

On February 21, 1964, Kunicki suffered a compensable injury to his back while in the employ of Frank Felice. Kunicki received total disability payments under a compensation agreement from 1964 until May 1969, with the exception of five months in 1967 when he returned to work. From May 1969 until February 1976, Kunicki was paid permanent partial disability benefits. After the partial disability payments expired,[1] Kunicki filed a Reinstatement Petition[2] alleging that he had become totally disabled and unable to perform any work.

A referee's hearing was held on Kunicki's petition. Kunicki and his emanicipated daughter testified concerning the progressive worsening of Kunicki's back problems. Kunicki also presented the testimony of Dr. Druffner, a general practitioner, who began treat-

---

[1] Section 306(b) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §512, at the time of Kunicki's injury provided that payment for partial disability shall not continue for more than 350 weeks.

[2] The referee treated Kunicki's petition as one for reinstatement and/or modification.

ing Kunicki for back problems in 1974. Dr. Druffner testified that, in his opinion, Kunicki became totally disabled sometime in 1974, 1975 or 1976, that Kunicki's condition has been steadily deteriorating and that Kunicki's present disability is related to his 1964 back injury. The only evidence presented by Felice and his insurer were films of Kunicki taken by a private investigator in December 1976, showing Kunicki engaging in target practice. The private investigator also took the stand to authenticate the films. The referee found as fact that, in light of the medical testimony and the films, Kunicki had failed to meet his burden of proving that his condition had changed from partial to total disability and therefore dismissed Kunicki's petition. The Board, without taking additional evidence, affirmed the referee's decision.

Kunicki contends that the referee's findings of fact cannot be sustained without a capricious disregard of competent evidence, especially the testimony of Dr. Druffner, which was uncontroverted and unequivocal. We do not agree. "[A] capricious disregard of competent evidence occurs when there is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly avoid in reaching a result." *Ney v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 381, 384, 327 A.2d 402, 403 (1974). The referee's decision shows that the referee did not willfully and deliberately disregard Dr. Druffner's testimony, for the decision carefully summarizes Dr. Druffner's testimony and expressly states that the referee has evaluated this testimony. The referee "has wide latitude in weighing the probative value of offered evidence" and need not accept as true even uncontroverted testimony. *Priddy v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 627, 629, 399 A.2d 1189, 1190 (1979). Evidently, the referee, as

was his province, chose to attach little weight to Dr. Druffner's testimony. This may be because, as the record shows, Dr. Druffner's examination of Kunicki took place ten years after the original accident, or because Dr. Druffner appeared to be unfamiliar with the details of Kunicki's surgical history. These would be sufficient reasons to discount Dr. Druffner's testimony. *Priddy, supra,* at 629-30, 399 A.2d at 1190. The referee also had the discretion to attach whatever weight and credibility to the testimony of Kunicki and his daughter as he believed this testimony warranted. We therefore cannot say that the referee capriciously disregarded competent evidence.

The record shows this case to be close indeed, but it must be remembered that Kunicki had the burden of proving an increase in his disability by precise and credible evidence of a more definite and specific nature than that required to obtain compensation initially. *Pittsburgh Des Moines Steel Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 530, 534, 377 A.2d 833, 835. The referee found that Kunicki's evidence did not meet this standard. We cannot reverse the referee in this case without directly infringing upon the firmly established discretion vested in the referee to assign weight and credibility to evidence.

Kunicki next contends that the films placed into evidence by Felice were legally insufficient to defeat his claim of total disability. The films were properly authenticated and identified. They were thus admissible into evidence and it was for the referee to determine their probative value. *John B. Kelly Co., Inc. v. Davis,* 8 Pa. Commonwealth Ct. 589, 592, 303 A.2d 255, 257 (1973).[3]

---

[3] Films alone cannot sustain the burden of proving a lack of disability. *John B. Kelly Co., Inc., supra.* In the instant case, however, Felice did not have the burden of proving that Kunicki was not

Kunicki also claims that it was reversible error for the referee to find in favor of Felice in the absence of the presentation of proof by Felice that work was available for Kunicki. However, in a modification proceeding where the claimant alleges total disability, the employer is required to go forward with proof of available work only after the claimant has met his burden of proving, *inter alia*, an increase in disability. *Cerny v. Schrader & Seyfried, Inc.*, 463 Pa. 20, 342 A.2d 384 (1975). Since the referee found that Kunicki did not sustain his burden of proving an increase in disability, it matters not that Felice presented no evidence of the availability of work.

Finally, Kunicki says that the referee erred by setting forth contrary positions in findings of fact 5 and 6, without resolving which position was correct. Both of these findings are concerned with whether or not Kunicki's petition was timely filed. In finding of fact 5, the referee quoted Felice's position that Kunicki's petition was barred by the 350 week limitation of Section 306(b) of The Pennsylvania Workmen's Compensation Act, *supra*, note 1. Finding of fact 6 states Kunicki's position that he had two years after the last payment to file his petition. While the referee did not expressly state which position he believed to be correct, his action of reaching the merits of the case and deciding the matter on the merits necessarily contains an implicit resolution of this conflict in favor of Kunicki. We do not believe that the referee's failure to expressly resolve this issue requires reversal, particularly where the implied resolution by the referee benefits the complaining party.

---

disabled or did not suffer a change of disability; rather, Kunicki had the burden of proving an increase in his disability. *Pittsburgh Des Moines Steel Co. v. Workmen's Compensation Appeal Board, supra.*

Accordingly, we enter the following

ORDER

AND Now, this 13th day of January, 1981, the order of the Workmen's Compensation Appeal Board, dated September 20, 1979, affirming the referee's decision dated March 14, 1978, is affirmed.