Francis R. Grimm, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Dravo Corporation, Respondents.

Submitted on briefs, May 6, 1981, to Judges CRAIG, MACPHAIL and PALLADINO, sitting as a panel of three.

*Amiel B. Caramanna, Jr.,* for petitioner.

*Leonard P. Kane, Jr., Fried, Kane, Walters & Zuschlag,* for respondent, Dravo Corporation.

OPINION BY JUDGE PALLADINO, September 16, 1981:

Francis R. Grimm (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the order of a referee, dismissing Claimant's petition for reinstatement of benefits. We affirm.

Claimant, while a welder and fitter for the Dravo Corporation (Employer), suffered a back injury on October 16, 1969, for which he received workmen's compensation benefits.

In the history of this case are three final receipts and an equal number of supplemental agreements which preceded the referee's grant on September 12, 1974, of Employer's petition to terminate Claimant's

benefits, retroactive to September 13, 1971. Thereafter, following a remand by the Board for the examination of Claimant by an impartial physician, the referee, after an additional hearing, reinstated his termination order, from which there was no appeal. However, just over one month later, Claimant filed the instant reinstatement petition.

To support a reinstatement petition, the claimant must prove by precise and credible evidence that he is entitled to compensation because his condition has worsened or recurred. *Priddy v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 627, 399 A.2d 1189 (1979). *Pittsburgh Des Moines Steel Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 530, 377 A.2d 833 (1977).

To meet his burden before the referee, Claimant presented depositions from two physicians, one of whom testified that Claimant was totally disabled, and the other, that Claimant could perform some limited types of work. The Employer rebutted this testimony with that of another physician who concluded that Claimant was not disabled and was fully able to return to his former job.

Claimant appeals on the basis that the referee capriciously disregarded competent evidence in dismissing his reinstatement petition. Claimant argues that the testimony of Claimant's physician-witness who actually opened Claimant's back and performed a laminectomy in 1978, is the best evidence of whether Claimant's condition had changed since the prior decision to terminate.

Where, as in the instant case, the party with the burden of proof did not prevail below, this Court's scope of review is limited to determining whether or not the findings of fact are consistent with one another and with the conclusions of law and can be sustained

without a capricious disregard of competent evidence. *Jasper v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 208, 427 A.2d 740 (1981).

The referee found the evidence of the employer's physician to be more credible and denied the reinstatement petition. It is well settled that the resolution of conflicting medical evidence is the exclusive province of the referee as fact-finder. *City of Williamsport v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 618, 423 A.2d 817 (1980).

Accordingly, we enter the following

ORDER

AND Now, September 16, 1981, the order of the Workmen's Compensation Appeal Board, Docket No. A-77253, dated November 5, 1979, affirming the referee's dismissal of a petition for reinstatement of benefits, is affirmed.