Nancy S. Pryor, Petitioner *v.* Workmen's Compensation Appeal Board (Bell Telephone of Pennsylvania), Respondents.

Submitted on briefs October 3, 1983, to President Judge CRUMLISH, JR., and Judges BARRY and BARBIERI, sitting as a panel of three.

*Alexander J. Pentecost,* with him *Amiel B. Caramanna, Jr.,* for petitioner.

*Jackie B. Sparkman,* for respondent, Bell Telephone of Pennsylvania.

Opinion by Judge Barry, March 1, 1984:

Nancy S. Pryor (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirms the order of a referee denying compensation benefits to claimant. We affirm.

Claimant, employed by respondent, Bell Telephone of Pennsylvania (Bell), as a long-distance operator supervisor from 11:00 p.m. until 7:00 a.m., shortly before the conclusion of her shift on May 15, 1980, was asked to come into a conference room and was interrogated by security investigators involving the fraudulent use of a discontinued credit card issued by Bell to another employee. Bell's investigation disclosed that a certain male was using this credit card to make and charge telephone calls amounting to about $750.-00. Many of the calls originated from and terminated at claimant's residence telephone, and many were placed from claimant's sister's residence telephone. Some of the calls were placed to Bell's telephone over which claimant had supervision and during times when she was on duty. The investigation also disclosed that claimant knew the person who was using the credit card. Prior to the interview, one of the security men tried to contact claimant about the matter and, during a telephone conversation with her, he explained the nature of the investigation and indicated that he wanted to talk to her in person and show her papers in order to see if she could help him. Claimant indicated that she would not consent to talk to him until he sent her copies of the information which he possessed. Later, the interview or meeting which is the subject of this lawsuit ensued, one or both security men having made arrangements through claimant's manager or Bell's manager to meet with claimant to discuss the matter.

During the meeting, claimant was apprised of the nature of the investigation and of the facts involved. The security men requested her assistance in their investigation. She was not accused of making or placing any of the calls. Claimant initially denied knowing the person who was under investigation, but when she was informed that if she was found to be involved in the matter, she would be included in the investigation and charges could be filed against her, she admitted that she knew the male under investigation and that one of the telephones involved was her sister's.

Claimant alleges that as a result of being interrogated by Bell's security department on May 15, 1980, she developed a nervous condition or anxiety state for which she is requesting compensation benefits.

Claimant consulted Dr. W. Lindsay Jacob, a psychiatrist, who diagnosed her condition as acute anxiety state, almost a panic, and was of the opinion that the interview with Bell's security personnel rendered claimant totally disabled with respect to continuing her regular work. Claimant contends that the testimony of Dr. Jacob, the only medical testimony in the record, established that she was totally disabled as a result of the anxiety state which he felt was caused by the interrogation on May 15, 1980. She submits, therefore, that the referee had no choice but to find that her acute anxiety state and disability were directly related to the interrogation, and that the decision of the referee affirmed by the Board which denied benefits constitutes a capricious disregard of the competent evidence in the case which requires reversal by this Court.

In workmen's compensation cases where the party with the burden of proof did not prevail below, our scope of review is limited to determining whether the

referee's findings are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Hepp v. Workmen's Compensation Appeal Board (B.P. Oil Company)*, 67 Pa. Commonwealth Ct. 330, 332, 447 A.2d 337, 338 (1982), citing *Workmen's Compensation Appeal Board v. Precisionware, Inc.*, 21 Pa. Commonwealth Ct. 573, 347 A.2d 322 (1975). Questions of evidentiary weight and credibility are for the referee. *City of Williamsport v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 618, 423 A.2d 817 (1980). In evaluating the evidence, the referee is free to "accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Bowes v. Inter-Community Action, Inc.*, 49 Pa. Commonwealth Ct. 612, 618, 411 A.2d 1279, 1281 (1980). The referee, as the ultimate factfinder, has wide latitude in weighing the probative value of offered testimony and may, in proper circumstances, reject even uncontradicted testimony. *Priddy v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 627, 399 A.2d 1189 (1979); *Workmen's Compensation Appeal Board v. Guzman*, 18 Pa. Commonwealth Ct. 275, 334 A.2d 852 (1975).

The referee, as the ultimate factfinder, found that Dr. Jacob based his diagnosis, conclusions, and opinions solely on his observations of claimant and her conversations with him, including the history she gave him. No tests or physical examination were performed. The referee further found that Dr. Jacob was unaware of all of the facts and circumstances surrounding the interview in question, including all of the events prior to and subsequent to it. The doctor stated that, prior to the interview, claimant had been under chronic stress as a result of her mother's recent death, her separation and divorce, and a difficult rela-

tionship with her father, but that she was coping fairly well until the time of the interview.. Her personal situation, according to this doctor's testimony, made it more likely for her to react in the way she did. The referee, obviously, did not find Dr. Jacob's testimony compelling on the question of causation. It cannot be said, as a matter of law, that he ignored the only medical testimony in the case.

We must affirm the decision of the Board denying compensation benefits to claimant.[1]

### Order

And Now, March 1, 1984, the decision of the Workmen's Compensation Appeal Board dated June 3, 1982, in the above matter is hereby affirmed.

---

[1] The referee and the Board seem to equate the question of medical causation and that of whether the incident in question was a work related occurrence. We need not decide the second question, since it is disposed of by the resolution of the first.