Frances S. Kraemer, Petitioner *v.* Workmen's Compensation Appeal Board (Perkiomen Valley School District), Respondents.

Submitted on briefs December 8, 1983, to Judges WILLIAMS, JR., BARRY and BARBIERI, sitting as a panel of three.

*Harry L. Green,* for petitioner.

*Kathleen Nagurny,* for respondents.

OPINION BY JUDGE BARRY, May 16, 1984:

Frances S. Kraemer (claimant) appeals a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's determination that claimant's disability resulting from a work-related injury sustained on June 20, 1974, ceased and terminated on September 30, 1977. Claimant had been employed by the Perkiomen Valley School District (employer) as a custodial worker with duties that included cleaning and wet and dry mopping, dusting, buffing, and moving furniture in twenty classrooms. While per-

forming her duties, claimant slipped and fell on the wet floor on June 20, 1974, sustaining injury to her back. As a result, she had pain in her lower back which caused difficulty when sitting, standing, and bending. On September 30, 1975, the employer filed a petition for termination alleging that claimant's disability had ceased and terminated. The referee, however, determined that claimant's disability was ongoing, and awarded compensation benefits from that time indefinitely into the future. Counsel fees were also awarded.

In October, 1977, the employer filed another petition for termination alleging claimant's disability had ended on September 30, 1977. From the testimony adduced at this hearing, the referee determined that claimant was capable of returning to her normal regular duties as a custodial worker and that her work-related disability had terminated as of September 30, 1977. The Board affirmed the findings of the referee. This appeal followed.

Claimant alleges the referee placed improper reliance upon the medical testimony of Dr. John A. Vann, an orthopedic surgeon practicing in Norfolk, Virginia, where claimant had moved after the first hearing. Dr. Vann had examined the claimant at the request of the carrier. He testified that claimant had fully recovered from her injury and could resume her former position as a custodian. Because the doctor was located in Virginia and unavailable to testify at the hearing, the referee, pursuant to Section 422 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §835, ordered his deposition to be taken in Virginia:

> If any party or witness resides outside of the Commonwealth, or through illness or other

cause is unable to testify before the board or a referee, his or her testimony or deposition may be taken within or without this Commonwealth, in such manner and in such form as the department may, by special order or general rule, prescribe. . . .

Claimant's counsel filed a petition for stay of the deposition because he claimed the examination by Dr. Vann was conducted without authority and without an opportunity for him to be present. He cites Section 314 of the Act, 77 P.S. §651, which provides for an examination of an injured employee where that employee without good cause refuses to submit to such examination, and which further provides that the employee may have his own physician present at such required exam. In this case, however, claimant never refused to submit to the exam and was in fact examined by Dr. Vann. The fact that the referee or the Board did not send a notice of the pending examination to claimant's counsel might well constitute a breach of courtesy, but we cannot as a matter of law conclude that this omission creates a due process question. The deposition was conducted in Virginia with, as a matter of fact, counsel for both claimant and employer present. Dr. Vann testified that claimant had a good range of motion during the examination, had no muscle spasms, and had no evidence of any involvement of the spinal cord or spinal nerves. The neurological examination was negative and x-rays were normal. He concluded that claimant's disability had terminated. The deposition was read into the record at the hearing before the referee on July 10, 1978, over objection by claimant's counsel. The exchange at the hearing was as follows:

Mr. McKenna: Your Honor, I do have the deposition of Doctor Vann, V-a-n-n, to support the defendant's case-in-chief.

The Referee: Vann?

Mr. McKenna: V-a-n-n, John A. Vann.

The Referee: I believe you were present at that deposition, Mr. Green?

Mr. Green: Yes; note my objection to the admission of that deposition.

The Referee: What's your basis?

Mr. Green: The basis is: I have to have my doctor here. For that reason they should have theirs here. The Referee doesn't have a chance to see the doctor, to observe the doctor, while he testifies and evaluates his credibility.

The Referee: I'll note your objection, sir. (T. 25, July 10, 1978.) The basis for the objection of claimant's counsel is without merit, for it is within the province of the referee, in evaluating the evidence, to "accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Bowes v. Inter-Community Action, Inc.,* 49 Pa. Commonwealth Ct. 612, 618, 411 A.2d 1279, 1281 (1980). The referee, as the ultimate fact finder, has wide latitude in weighing the probative value of offered testimony and may, in proper circumstances, reject even uncontradicted testimony. *Priddy v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 627, 399 A.2d 1189 (1979).

The referee relied upon the testimony of Dr. Vann in finding that claimant's disability had terminated, and rejected the testimony of claimant's physician, Dr. Robert J. Byrne, who testified that he did not feel claimant was employable due to her medical condition. When asked whether "the hypertrophic changes referred to in the x-ray are within reasonable medical certainty related to the original injury," he answered:

it is a difficult question to answer because here we have a lady who is fifty—in her fifties. Ah

—she did have trauma—ah—and it is normal, to a certain degree, for people to increase in the amount of degenerative changes that they have, but I believe that from reading the x-ray report that the amount of changes that she had is a little bit more than you would normally expect for a normal progression without trauma to her back.

(T. 10, July 10, 1978.) From this testimony, claimant alleges that it is incredible that the referee accepted Dr. Vann's testimony over that of Dr. Byrne, because Dr. Byrne had testified similarly at the initial hearing and the referee accepted his testimony. This argument is unpersuasive because the second proceeding constitutes a hearing de novo, and the findings of fact of the first hearing are not determinative.[1]

We conclude, therefore, that the referee did not err as a matter of law in accepting Dr. Vann's testimony over that of Dr. Byrne when he determined that claimant's work-related disability had ceased, similarly the Board did not err in affirming that conclusion.[2]

Order affirmed.

---

[1] In this vein we cite Section 833 of the Act which states in pertinent part:

> The findings of fact made by a referee to whom a petition has been assigned or any question of fact has been referred under the provisions of section four hundred and nineteen [77 P.S. §852 concerning remand of question of fact to referee to report to Board, or to another referee to report to original referee] shall be final, unless an appeal is taken as provided in this act.

[2] We note that the Board, in discussing the appearance of claimant's counsel at Dr. Vann's deposition, stated "his cross-examination of the witness indicates waiver of any objection." This, of course, is untrue as a matter of law, but does not alter our final determination in this case.

ORDER

AND Now, May 16, 1984, the order of the Workmen's Compensation Appeal Board No. A-76846, dated April 10, 1980, is hereby affirmed.