528 A.2d 719

Margaret L. Tunstall, Petitioner *v.* Workmen's Compensation Appeal Board (St. Clair Memorial Hospital) (Pennsylvania Casualty Company), Respondents.

Submitted on briefs May 21, 1987, to Judges MAC-PHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Matthew R. Wimer, Reale, Fossee & Ferry, P.C.,* for petitioner.

*Michael D. Sherman, Fried, Kane, Walters & Zuschlag,* for respondent, St. Clair Memorial Hospital.

OPINION BY JUDGE MACPHAIL, July 13, 1987:

Claimant Margaret L. Tunstall appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's dismissal of her petition to set aside a final receipt and petition for reinstatement. We vacate the Board's order and remand the matter for further proceedings.

In February, 1981 Claimant suffered a lower-back injury on the job as an operating room nurse for her employer St. Clair Memorial Hospital. She was unable to work from February 12 to February 17, 1981, and from February 20 to April 20, 1981 and received workmen's compensation benefits under a notice of compensation payable and a supplemental agreement. On July 2, 1981, Claimant executed a final receipt indicating that she was able to work as of April 20, 1981. She returned to her job until July, 1981 when she was no longer able to work due to leg and back pain.

Claimant filed a petition to set aside the final receipt and a petition for reinstatement of benefits on February 3, 1984. The referee dismissed both petitions, and the Board affirmed. Claimant has now petitioned for our review of this order.

Claimant challenges the referee's decision on the grounds that the referee assigned an incorrect burden of proof to her petition to set aside and petition to reinstate. Specifically, she argues that the following findings of fact are erroneous:

4.  She [Claimant] failed to establish by clear, convincing, and credible evidence either that all of her disability due to said injury in fact had not terminated when she signed the final receipt or that her prior work-related disability increased or recurred.

5.  Claimant failed to sustain her burden of proof. Her evidence is rejected, and employer's is accepted.

We agree with Claimant, first of all, that the referee erred in applying the "clear, convincing, and credible" standard to the petition to set aside, contrary to our decision in *Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Co.)*, 86 Pa. Commonwealth Ct. 28, 483 A.2d 593 (1984). In *Sheibley*, we established the burden of proof to be imposed on a claimant petitioning to set aside a final receipt under Section 434 of The Pennsylvania Workmen's Compensation Act.[1] 77 P.S. §1001. Finding that a 1972 amendment to the section relaxed the "clear and convincing" standard of proof originally applied, we held that a claimant must only prove by "sufficient credible competent evidence" that all disability due to the injury had not terminated at the time of the final receipt.

Likewise, the referee erred in applying the "clear, convincing, and credible" standard to the petition for reinstatement of benefits, filed under Section 413, 77 P.S. §772. As this Court has held, to support a reinstatement petition, a claimant must prove by "precise

---

[1] Act of June 2, 1915, P.L. 736, *as amended*.

and credible" evidence that his disability has increased or recurred. *Grimm v. Workmen's Compensation Appeal Board*, 61 Pa. Commonwealth Ct. 582, 434 A.2d 879 (1981).

The referee herein specifically found that Claimant did not meet her burden of proof because she did not establish by "clear, convincing, and credible evidence" that her disability had not ceased when she executed the final receipt or that the prior disability had increased or recurred. We do not believe, as Claimant's employer suggests, that the failure of the referee to use the current "words of art" is harmless error not necessitating a remand. The referee did accept the employer's medical testimony over the Claimant's, which it is clearly within his province to do, and his findings may have been supported by substantial evidence. We cannot determine, however, whether the referee would have made the same credibility determinations and reached the same result applying the appropriate, less stringent burden of proof.

We, therefore, will vacate the Board's order and remand the case for further proceedings.

## ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned proceeding is vacated and remanded for further proceedings not inconsistent with the foregoing opinion.

Jurisdiction relinquished.