539 A.2d 51

A & P Tea Company, Petitioner *v.* Workmen's Compensation Appeal Board (Giglio), Respondent.

Submitted on briefs February 25, 1988, to Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Ronald F. Bove, Swartz, Campbell & Detweiler,* for petitioner.

*Frank J. Rubinate,* for respondent, Patricia Giglio.

OPINION BY JUDGE DOYLE, March 21, 1988:

This is an appeal by the A & P Tea Company (Employer) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision dismissing Employer's petition for suspension or modification of benefits. An understanding of the procedural history of this case is critical.

On June 28, 1978 Patricia Giglio (Claimant) sustained a compensable injury. Benefits were paid by Employer. Then on June 23, 1982 Employer filed a petition seeking alternatively to suspend or modify benefits. The petition was later amended at hearing to one seeking a termination of benefits.

Hearings were held before Referee Stief, a Bucks County referee, the last hearing being held on October 11, 1984. After the record was closed, but prior to the issuance of the decision, Referee Stief resigned. The case was reassigned to Referee Nickel who had been appointed as a referee on May 6, 1985. Referee Nickel was the "acting" Bucks County referee until he was reassigned to Lancaster County in early 1986.

Referee Nickel, in his order, terminated Claimant's benefits effective January 20, 1983. Although his order terminated benefits, his findings of fact indicate that he found credible, *inter alia,* the portion of Claimant's doctor's testimony which indicated that as of May or June 1982 Claimant could work *subject to standing and lifting restrictions.* Yet, he also found credible that portion of Employer's physician's testimony which opined that Claimant was fully recovered from her 1978 injury and could return to work without restrictions. Employer's doctor had examined Claimant on April 8, 1981. He was, however, deposed on January 19, 1983; the following day, *i.e.,* January 20, 1983, was the date that Referee Nickel used as the date benefits were to be terminated. It is obvious, however, that Employer's doctor's testimony as to Claimant's condition must relate to the date on which he examined Claimant (April 8, 1981) not to the date when he was deposed. Thus, the referee's findings are inconsistent because in crediting Employer's doctor he had to find that Claimant was fully recovered on April 8, 1981, but in crediting Claimant's doctor he had to find that Claimant had continuing disability and valid work restrictions in May or June of 1982. Despite this inconsistency, the referee determined that Claimant's disability had ceased as of January 20, 1983 and, thus, terminated benefits as of that date. Claimant appealed this order to the Board alleging, *inter alia,* that the findings of fact were inconsistent with each other and with the conclusions of law and that the referee who heard the testimony (Referee Stief) did not decide the case.

The Board reversed and remanded the case in an opinion and order which reads in its entirety as follows:

We have reviewed the Referee's Decision in this case and must reverse and remand. The Findings of Fact are inconsistent in that apparently

medical bills are ordered after the compensation is terminated. It would also appear the Referee accepted testimony of residual disability and then made no finding on job availability if in fact the Referee determined there was a residual disability. We are also unable to determine whether or not the Referee considered the Claimant's testimony. It is not mentioned in the Findings of Fact or listed on the cover sheet.

The Referee should determine the status of the Claimant's condition and if changed from total disability, the date of the change. In addition, the Referee should consider all the testimony of record. We would note the Act specifically procides [sic] for the situation in which a different Referee decides the case from the Referee who listened to the testimony. This is proper and there is no need for the Claimant to re-testify if his [sic] testimony is in fact a part of the record.

Upon remand, the case was assigned to another referee, Referee Perry, who had trained Referee Nickel. Referee Perry took no additional testimony. He then issued a decision wherein he found credible the testimony of, *inter alia*, Claimant and her physician. Succinctly stated, he determined that Claimant's work-related disability continued and that she remained totally disabled. Thus, benefits were ordered to continue. Employer appealed to the Board alleging that Referee Perry had disregarded the evidence and that the Board erred in remanding the case to a referee other than Referee Nickel when Referee Nickel was still an "active" referee and that Referee Perry exceeded his authority in reversing Referee Nickel on credibility determinations. The Board, in affirming Referee Perry, indicated that his findings were substantially supported by the evidence. Further, it stated that the "[r]ole of a substitute referee . . . as to

evidence which [the] Department has referred to him is the same as if he had taken it himself." (Citing *Arena v. Workmen's Compensation Appeal Board (Packaging Systems Corp.)*, 85 Pa. Commonwealth Ct. 553, 483 A.2d 577 (1984), *reversed on other grounds,* 510 Pa. 34, 507 A.2d 18 (1986)). Finally, the Board wrote, "it should be noted for the record that original referee [Nickel] was reassigned and still learning his assignments thus, the reason why Referee Perry wrote the decision."

Employer has appealed to this Court and raises three questions for our consideration: (1) did the Board err in initially remanding the case when all "critical issues" ruled upon by Referee Nickel were supported by substantial evidence; (2) did the Board err in remanding the case to a referee other than Referee Nickel; (3) did Referee Perry exceed the scope of the Board's remand order.

First, in determining whether the Board acted properly in remanding the case, we are guided by Section 419 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 732, *as amended,* 77 P.S. §852, which provides as follows:

> The board may remand any case involving any question of fact arising under any appeal to a referee to hear evidence and report to the board the testimony taken before him or such testimony and findings of fact thereon as the board may order. The department may refer any question of fact arising out of any petition assigned to a referee, to any other referee to hear evidence, and report the testimony so taken thereon to the original referee.

It is apparent from the first sentence of Section 419 that if there are factual questions which need resolved, a remand is appropriate. Here there were just such questions. It was unclear whether Referee Nickel had found

that Claimant continued to be totally disabled or whether he had found that she could return to work subject to restrictions. This factual issue required clarification. Therefore, the remand order was appropriate. While it is true that we have held that inartfully drawn factual findings do not necessarily compel a remand, *see Hammermill Paper Co. v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 401, 373 A.2d 1180 (1977), that is so only where the findings are sufficient to permit the Board to perform its proper appellate review. *Id.* Thus, in *Hammermill,* because the necessary finding on causation was present, a remand could be avoided. In this case, unlike *Hammermill,* the Board determined that the findings were inconsistent; further, the Board was unable to ascertain whether the Claimant's testimony was even considered.[1] Thus, the findings here were more than inartful; they were incapable of appellate review.

Similarly, *Kunicki v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 72, 423 A.2d 1368 (1981), cited by Employer, is not helpful. There the referee set out in the findings the position of both the employer and the claimant on whether claimant's petition was timely filed. He did not, however, resolve the timeliness question in a specific finding. But, he reached the merits. We concluded on appeal that by having decided the case on the merits the referee implicitly resolved the timeliness question in favor of the claimant. No such inference, however, is permissible on the facts of this case.

---

[1] Employer argues that Claimant's testimony was considered because the referee's opinion says, "After careful consideration and review of all of the testimony. . . ." Considering that (1) Claimant's testimony was not mentioned in the findings and (2) Claimant was not listed along with the other witnesses in the cover sheet of the opinion, we do not believe that the Board abused its discretion in ordering the remand.

Employer next contends that the Board abused its discretion in remanding the case to a referee other than Referee Nickel. First, we do agree with the Employer that this case is distinguishable from *Arena,* which the Board cited. The precise issue on appeal here does not concern a situation where the substitution of a referee occurred *before* the initial decision was rendered as was the situation in *Arena.* Hence, unlike *Arena,* it is not governed by Section 415 of the Act, 77 P.S. §851 (providing for a transfer of a petition from one referee to another *before* a referee has entered an order). Rather, it is the first sentence of Section 419 which is controlling here.

The question squarely put then, is whether the Board, under Section 419, must remand to the original referee if that referee is still active. Significantly, the language appearing in the first sentence of Section 419 does not direct that a case be remanded to the original referee but only to "*a* referee" and we reject Employer's argument that remand to the original referee is implicit in the statute. In the instant case, Referee Perry in his decision upon remand indicated that Referee Nickel had been reassigned to the Lancaster office. This case, however, had been handled previously in Bucks County where Referee Perry worked. Further, Referee Perry indicated that as the manager/referee he had been Referee Nickel's supervisor and trainer. Upon these facts, we can find no abuse of discretion in permitting Referee Perry to decide the case upon remand.

Finally, Employer contends that Referee Perry exceeded the scope of the Board's remand order when he made credibility determinations different from those made by Referee Nickel. First, we are not entirely convinced that this issue was clearly raised in the appeal to the Board. *See* R.A.P. 1551.[2] Assuming, however, that

---

[2] It is hard to imagine an issue whose preservation before the Board could be more significant. Certainly the Board is best able to decide whether its own order was exceeded.

514

the issue has been preserved, we do not believe that the referee exceeded the scope of the remand order which we find to be quite broad. It directed specifically that the referee should determine the status of Claimant's condition and consider all of the testimony of record. This then raises the question of whether Referee Perry could legally make credibility determinations different from those made by Referee Nickel. Finding nothing in Section 419 which would preclude him from doing so, we hold that a reversal of credibility determinations in this case was permissible. *Accord Arena*, 510 Pa. at 37 n.2, 507 A.2d at 19 n.2 (holding that a referee who did not take the evidence is, nonetheless, the fact finder and must be given due deference as such).

Accordingly, we affirm the order of the Board.

ORDER

NOW, March 21, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.