611 A.2d 806

**Neil MOORE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ALUMINUM ALLOYS, INC. and A.I.U. Insurance Company and Employer's Compensation Service), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted April 3, 1992.

Decided June 10, 1992.

W. Austin Allen, II, for petitioner.

Charles F. McElwee, for respondents.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

CRAIG, President Judge.

Neil Moore, claimant, appeals a decision of the Workmen's Compensation Appeal Board denying his claim for two months of worker compensation benefits from his employer Aluminum Alloys, Inc. We affirm.

The issue in this case is whether the referee and board erred in finding that Moore's smoking caused his epiglottis cancer, rather than his exposure to formaldehyde from his employment.

The facts, as found by the referee, are as follows. From 1973 until 1985, Aluminum Alloys employed Moore as a sand mixer. Moore was responsible for mixing sand by blending a binding agent with sand and water. During the course of this employment, Moore came into contact with formaldehyde and formaldehyde-based products. In early 1982, Moore began to experience difficulties with coughing, shortness of breath, running nose and uncontrollable sneezing. Moore testified that he was disabled from April 1, 1987 until June 1, 1987. Moore returned to full time work on June 1, 1987, for his same wage and continues to work for Aluminum Alloys.

Moore's attending physician, John A. Bamberger, stated that Moore told him that Moore was smoking a pack-and-a-half of cigarettes a day in 1967. In June of 1987, Dr. Donald Faust, Moore's radiation therapist, stated that Moore told him that he had smoked for approximately 27 years. However, Moore testified that he smoked only 2 or 3 cigarettes per day.

At the hearing before the referee, the employer presented the testimony of Dr. Peter Cassileth, who stated with a reasonable degree of medical probability that formaldehyde is not a human carcinogen and that smoking caused Moore's cancer. Moore presented the testimony of Dr. Janette D. Sherman who stated that Moore's throat cancer was caused by exposure to formaldehyde. Dr. Sherman testified that EPA

and OSHA prescribe exposure limits for formaldehyde and classify it as a carcinogen.

Based upon the following significant findings of fact, the referee denied benefits to Moore:

18. This Referee finds that the smoking history that the claimant submitted to Dr. Sherman, that he smoked rarely and never more than five per day and none for the past five years, is untrue.

. . . .

23. Dr. Cassileth was of the opinion that the primary and leading cause of epiglottic cancer is cigarette smoking, and that further a review of the claimant's medical history indicates that he had been smoking cigarettes for more than 27 years.

. . . .

25. It was Dr. Cassileth's opinion that claimant's cancer of the esophagus was not caused by his exposure to formaldehyde, but was caused by his exposure to the toxic effects of cigarette smoke.

. . . .

28. After considering the history in claimant's case and with full knowledge of his known exposure to cigarette smoking against an association between formaldehyde exposure and epiglottic cancer, it was Dr. Cassileth's opinion with a high degree of medical certainty that the allegation that the claimant's cancer was caused by occupational exposure to formaldehyde is without foundation.

. . . .

30. This Referee finds the testimony of Dr. Cassileth to be competent unequivocal medical evidence that has established to a reasonable degree of medical certainty that the claimant's epiglottic cancer was due to his cigarette smoking. Further, this Referee accepts the testimony of Dr. Cassileth that the claimant's cancer is not due to exposure to formaldehyde in the work place as the most credible.

■ Moore now appeals to this court seeking to overturn the decision of the referee and board.[1] Moore argues that the board erred in disregarding his medical testimony concerning the effects of formaldehyde exposure on human beings.

Moore argues that because Dr. Sherman testified that formaldehyde is a carcinogen, Moore's cancer is an "occupational disease" and he is entitled to the statutory presumption found in § 301(e) of the Workmen's Compensation Act[2], 77 P.S. § 413, which states that if the claimant suffers from an occupational disease, he is entitled to the presumption that the disease arose out of the course of his employment.

Under the occupational disease section of the Act, § 108, 77 P.S. § 27.1, a claimant suffers from an occupational disease if the disease is one of the specific diseases found in the section or if the disease comes under § 108(n), 77 P.S. § 27.1(n), which states:

> (n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are *causally* related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population. (Emphasis added.)

The referee found in Finding of Fact No. 27 that studies of formaldehyde have failed to substantiate that it is a cause of epiglottic cancer. The referee based his finding upon Dr. Cassileth's testimony. Dr. Cassileth testified:

Q. Now, sir, as I understand your testimony, it is that you do not believe that it has been established that formaldehyde is a cause of epiglottal carcinoma?

A. Yes.

Q. Is that correct?

A. That's correct.

. . . .

---

**1.** Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Mackintosh–Hemphill v. Workmen's Compensation Appeal Board (Banicki)*, 116 Pa.Commonwealth Ct. 401, 541 A.2d 1176 (1988).

**2.** Act of June 2, 1915, P.L. 736, *as amended.*

Q. ... And do I take it, sir, that you do not believe that it has been established that formaldehyde is a cause of any cancer in man; is that right?

A. Yes, I can't—I can't find clear evidence that that's true.

■ Moore introduced testimony from Dr. Sherman who stated that, in her opinion, formaldehyde does cause cancer. However, the referee may accept or reject any medical testimony, in whole or in part. *Kraemer v. Workmen's Compensation Appeal Board (Perkiomen Valley School District)*, 82 Pa.Commonwealth Ct. 469, 474 A.2d 1236 (1984).

■ Therefore, substantial evidence exists supporting the finding of the referee and board that formaldehyde is not a carcinogen and therefore not a cause of Moore's cancer.

■ Further, even if we agreed with Moore that the referee and board erred in concluding that formaldehyde is not a carcinogen, there is substantial evidence in the record that Moore's smoking caused his cancer, and not formaldehyde. Dr. Cassileth testified:

Q. And, Doctor, finally so we can be absolutely clear. Can you give us your final opinion within a reasonable degree of medical certainty or within a high degree of medical probability as to whether or not this individual's formaldehyde exposure was the causal factor in the cancer of the epiglottis?

A. As I mentioned before, a high degree of medical probability. The etiology or cause of the epiglottic cancer was the patient's cigarette smoking not formaldehyde exposure.

Although Dr. Cassileth did not state within a reasonable degree of medical certainty that smoking caused Moore's cancer, he did state his opinion with a high degree of medical probability.

■ This court has stated that a physician need not use magic words such as "reasonable degree of medical certainty" to establish unequivocal medical testimony. Rather, the medical expert must testify that they believe or think that a fact exists, *Williams v. Workmen's Compensation Appeal Board*

*(Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 562 A.2d 437 (1989). Thus, Dr. Cassileth's testimony is unequivocal and supports the referee's finding that Moore's cigarette smoking caused his cancer.

Accordingly, we affirm the decision of the referee and board.

## ORDER

NOW, June 10, 1992, the decision of the Workmen's Compensation Appeal Board, No. A90–2276, dated September 13, 1991, is affirmed.