645 A.2d 904

**Andrew BUTCHOCK, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (U.S. STEEL CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 13, 1994.

Decided July 11, 1994.

Anthony J. Kovach, for petitioner.

D. Scott Newman, for respondent.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Andrew Butchock (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed a referee's denial of Claimant's modification petition which sought change from an award of partial disability to one of total disability. We affirm.

Claimant, a coal miner, left the employ of U.S. Steel Mining Company, Inc. (Employer) in 1979. In 1982, Claimant filed a claim petition alleging that he contracted coal workers' pneumoconiosis which precluded him from returning to work or any similar type of employment.

On February 3, 1983, a referee awarded Claimant partial disability benefits, as a result of his disease, for a period of five hundred weeks. That referee found Claimant totally and permanently disabled from performing work in the mines or any heavy work, but did find Claimant could perform sedentary work in a dust free environment.

On March 6, 1992, Claimant filed a modification petition alleging change in his disability due to coal workers pneumoconiosis from one of partial disability to one of total disability as of January 9, 1992. The referee dismissed Claimant's

modification petition as Claimant failed to meet the necessary burden of proof.

The referee found that Claimant was unable to prove the inability of performing even sedentary work in a dust free environment. In reaching this conclusion, the referee considered the testimony of two physicians,[1] who both agreed to Claimant's ability to continue to work in a sedentary dust free environment.[2]

■ The Board affirmed holding that the referee's decision was based upon substantial evidence.[3] The Board cited Claimant's failure to prove that he could no longer perform the light duty work which made his partial disability award proper.

■ On appeal before this Court,[4] Claimant argues that the referee misapplied the law concerning modifications of benefits. Claimant asserts that he is entitled to benefits, in essence, because Employer failed to show the availability of light sedentary work for Claimant. We disagree.

The referee made the determination that Claimant failed to prove that he was "totally disabled" as defined by The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031, and accompanying case law which interprets the Act.

The Supreme Court of Pennsylvania in *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries),* 536 Pa.

1. Jerome Lebovitz, M.D., a witness for Claimant, and Michael Bennett, M.D., a witness for Employer.

2. Additionally, Dr. Bennett testified that Claimant did not have a respiratory impairment and could do almost any type of work.

3. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Shinsky),* 492 Pa. 1, 421 A.2d 1060 (1980).

4. Our scope of review is limited to determining whether an error of law has been committed, findings of fact are supported by substantial evidence or constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

490, 640 A.2d 386 (1994), has recently addressed this issue.[5] The Court refined the burden of proof which must be sustained in order to change an award from partial disability to total disability or vice versa.

The Court noted that "disability" has been incorrectly interpreted to require the movant to show a "change in physical condition" in order to meet their burden of proof. The Court emphasized that the determination instead involves how the worker's injury affects his overall earning power and not simply whether the injury has worsened.[6]

The Court additionally noted:

Inasmuch as both capacity to work and availability of work affect the extent of an injured employee's disability (loss of earning power), it follows that disability, for compensation purposes, may change from partial to total or vice versa based on a change in one with or without a change in the other.

*Dillon*, at 502, 640 A.2d at 392. Thus, the Court in *Dillon* concluded that the claimant, as the party seeking the modification, must prove that he was unable to attain any work within his physical limitations which were caused by his work-related injury.

As the Board found, in this case, Claimant was not able to show work unavailability and was, therefore, correctly denied his petition. The referee found that Claimant was still able to perform sedentary work within a dust free atmosphere. In doing so, the referee relied upon the testimony of two physicians who concluded that Claimant was able to perform work in such an environment.[7]

5. The claimant in *Dillon*, as in this case, sought to modify an award of compensation for partial disability to one for total disability.

6. *See also Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

7. The referee's Finding of Fact 7 states:

I have carefully considered all the evidence of record both medical and lay and find as a fact that the claimant has not shown that his coal workers pneumoconiosis has progressed to the point that he cannot even perform sedentary work in a dust free environment.

■ This Court has continually upheld the referee's broad discretion in considering evidence. If the Board takes no additional evidence, the referee is the final arbiter of the credibility and weight of the evidence. *Volkswagen of America v. Workmen's Compensation Appeal Board (Russell)*, 143 Pa.Commonwealth Ct. 69, 598 A.2d 602 (1991). This Court has also held that the referee may disregard the testimony of any witness even though that testimony is uncontradicted. *Id.*

Our review of the record reveals that substantial evidence exists to show that Claimant did not meet his burden of proof. We, therefore, will not disturb this decision.[8]

Accordingly, we affirm.

SMITH, J., concurs in the result only.

### ORDER

AND NOW, this 11th day of July, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

FRIEDMAN, Judge, concurring.

I agree with the result reached by the majority here; however, I write separately because I find the analysis used to reach that result both confusing and misleading.

> Referee Luich, in awarding the claimant's partial disability benefits, found that the claimant could perform sedentary work in a dust free environment. Dr. Lebovitz when asked by defense counsel as to whether or not the claimant could continue to perform sedentary work in a dust free environment, agreed that the claimant could perform such work as long as said work was done in a dust free environment. Dr. Bennett did not feel that the claimant had a respiratory impairment and felt that the claimant could do almost any type of work.

8. Employer, in its argument before this Court, has curiously combined the substantial evidence standard with that of the capricious disregard of the evidence standard. As this Court has repeatedly ruled, the capricious disregard of competent evidence standard is applied only where the burdened party is the only party to present evidence and does not prevail. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987). As both parties submitted evidence before the referee, the application of the capricious disregard of the evidence standard would be improper.

Here, Claimant's 1983 award for partial disability due to coal workers' pneumoconiosis stemmed from a referee's finding that although Claimant was totally disabled from working in the mines, he could perform sedentary work in a dust free environment. Subsequently, a referee dismissed Claimant's petition to modify his benefits from partial to total. Relying upon the testimony of two physicians, the referee concluded that Claimant had failed to meet his burden of proof because he could not show that his coal workers' pneumoconiosis had progressed to the point that he was incapable of performing even sedentary work in a dust free environment. The Board affirmed on the same grounds.

On appeal, Claimant argued that the referee misapplied the law in requiring Claimant to prove an inability to perform sedentary work rather than requiring Employer to show the availability of such work for Claimant. In essence, Claimant contends that because his medical evidence established that he was incapable of performing his former job in the mines, he had satisfied his burden and was entitled to total disability unless Employer demonstrated the availability of light sedentary work which Claimant could perform. The majority disagreed with Claimant's argument and in this I concur. Although Claimant's analysis might be proper in a different context, the burden of proof for a claimant seeking to increase benefits from partial to total is somewhat different than that argued by Claimant.

In affirming the referee and Board, the majority relies on our Supreme Court's recent decision in *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 536 Pa. 490, 640 A.2d 386 (1994). I agree that *Dillon* controls the outcome here; however, I believe the majority's analysis of *Dillon* and, hence, the resolution of this case under that analysis, is flawed.

According to the majority, "the Court in *Dillon* concluded that the claimant, as the party seeking the modification, must prove that he was unable to attain any work within his physical limitations which were caused by his work-related

injury." Based upon this interpretation, the majority then concludes that because "Claimant was unable to show work availability," his petition was properly denied. (Majority op. at 591) The majority also notes that there was substantial evidence to support the referee's finding that Claimant remained able to perform sedentary work within a dust free environment and, accordingly, affirmed. I have several problems with this analysis.

First, I disagree with the majority that *Dillon requires* a claimant seeking modification to prove an inability to obtain suitable work. Rather, a claimant's burden depends upon his basis for seeking modification. In *Dillon,* the Court held that in order to place defendants and claimants on equal footing, a worker's compensation claimant seeking to convert partial disability payments to total disability benefits *based on inability to find suitable work,* need not prove a change in physical condition.[1] Recognizing that for workmen's compensation purposes, disability is synonymous with loss of earning power, the Court stated:

> Inasmuch as both capacity to work and availability of work affect the extent of an injured employee's disability (loss of earning power), it follows that disability, for compensation purposes, may change from partial to total or vice versa based on a change in one without a change in the other.

*Dillon,* 536 Pa. at 502, 640 A.2d at 392.

Thus, the Court in *Dillon* held that, *depending upon the basis for the petition,* a claimant could show increased disability by demonstrating *either* a worsening of physical condition *or* a change in the availability of work *or* both. Accordingly, the Court in that case determined that Dillon was entitled to total disability where, although he showed no change in physi-

1. The Court reasoned that if employers could petition to reduce benefits when there has been no change in an employee's physical status but work has become available, claimants must have right to increase benefits when their physical condition is unchanged but work is not available.

cal condition, he did show that he had searched for employment since his last injury but was unable to find any.

Moreover, even assuming that because of the basis for his petition, Claimant was required to demonstrate a change in job availability, I take exception to the majority's assertion that Claimant failed in this burden because he was unable to show that work was available. In fact, I do not believe that a claimant ever has to prove that there is suitable work actually available to him; rather, to meet this burden, a claimant must demonstrate that he attempted to find work within his limitations but was unsuccessful.[2]

Here, it is unclear whether Claimant based his modification petition on a change in physical condition, an inability to find suitable work or some combination of the two. However, I do not believe that we need to make this determination because whatever the basis, Claimant has failed to meet the corresponding burden of proof. First, the medical evidence presented and accepted by the referee is sufficient to defeat any claim that Claimant's medical condition has worsened. Second, the record is totally devoid of evidence indicating that Claimant ever sought sedentary work in a dust free environment, much less that Claimant attempted to locate such employment but without success. Based on this analysis, I would affirm the Board.

---

2. If a claimant meets this burden, an employer would then have the opportunity to demonstrate that there is, in fact, work actually available to the claimant that is within the claimant's physical limitations.