647 A.2d 624

### Mike VOLK, Petitioner

v.

### WORKMEN'S COMPENSATION APPEAL BOARD (CONSOLIDATION COAL CO.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 4, 1992.

Decided Aug. 23, 1994.

76

J. Scott Leckie, for petitioner.

Carl J. Smith, for respondent.

Before DOYLE and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge [1].

DOYLE, Judge.

Mike Volk (Claimant) appeals from an order of the Workmen's Compensation Appeal Board which reversed a decision of a referee granting him total disability benefits.

The relevant facts are as follows. Claimant was employed by Consolidation Coal Company (Employer) from 1958 until September 9, 1980. Claimant, thereafter, filed a claim petition for workmen's compensation benefits alleging that he was totally disabled as of March 23, 1981, due to anthracosilicosis or coal worker's pneumoconiosis. On February 7, 1984, the referee awarded partial disability benefits commencing March 23, 1981, and continuing for a period not to exceed 500 weeks.[2] The referee found that "[t]here is work available to the claimant in his immediate work area [for] which he is qualified and which he is physically capable of performing at the federal minimum wage of $134.00 per week, thereby entitling him to workmen's compensation benefits of $242.00 per week based upon the claimant's average weekly wage of $521.26 per week at a loss of earning power of $387.26." (Referee's Finding of Fact No. 10.) No appeal was taken from this decision.

██ On April 27, 1990, after approximately 323 weeks of partial disability benefits, Claimant filed a petition for rein-

1. Senior Judge Armand Della Porta was assigned to this panel on July 21, 1994 to replace Senior Judge Genevieve Blatt who retired on June 30, 1993.

2. *See* Section 306(b) of the Worker's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512.

statement of compensation[3] alleging that, as of March 12, 1990, his disability due to coal worker's pneumoconiosis changed from partial to total. Claimant has not worked since his award for partial disability. On May 1, 1991, the referee granted Claimant's reinstatement petition and made the following relevant findings of fact and conclusion of law.

## Findings of Fact

3. On February 7, 1984 the claimant was awarded partial disability benefits due to coal worker's pneumoconiosis by a decision of Referee Albert S. Diaz. In said decision. Referee Diaz determined that the claimant was partially disabled from performing his former occupation as a miner due to anthracosilicosis which resulted from the claimant's total and cumulative exposure to coal dust during all of his employment in the coal mining industry and specifically while employed by the defendant, Consolidation Coal Company.

. . . .

6. Upon consideration of all of the evidence presented in this case and based upon the sufficient, competent and credible medical evidence and testimony from Dr. Warfield Garson, who examined the claimant on March 12, 1990, it is found as a fact that the claimant's disability has progressed

---

3. Claimant's partial disability benefits expired as of September 20, 1993, (five hundred weeks from February 7, 1984). Hence after that date he is technically seeking neither a modification nor a reinstatement of benefits. A reinstatement petition is filed where a claimant's benefits have been suspended or terminated. A modification petition suggests that a claimant is currently receiving benefits which the petitioner seeks to change. Technically the *claimant* here incorrectly filed a petition for reinstatement originally and now is in a "hybrid" situation where he is receiving no current benefits, since his eligibility for partial disability benefits has been exhausted, but his "benefits" have been neither suspended nor terminated. However, Section 413 of the Act, 77 P.S. § 772, does not make a distinction in the petitions to be filed for reinstatement and modification. Accordingly, the form of the petition is not controlling and such petition will be deemed to have been filed pursuant to whichever section of the Act is appropriate. *General Refractories Co. v. Workmen's Compensation Appeal Board (Wright)*, 535 Pa. 306, 635 A.2d 120 (1993); *see North Philadelphia Aviation Center v. Workmen's Compensation Appeal Board (Regan)*, 121 Pa.Commonwealth Ct. 633, 551 A.2d 609 (1988).

in that the *claimant is now totally disabled from performing his former occupation as a miner due to anthracosilicosis or coal worker's pneumoconiosis,* whereas the claimant's disability from performing his former occupation had previously been limited to a partial disability. In making this finding, your Referee has considered the conflicting testimony and opinion of Dr. Peter Kaplan, who examined the claimant both in 1982 and in 1990 and on both occasions concluded that the claimant's degree of coal worker's pneumoconiosis was not disabling. Your Referee rejects the opinions and testimony of Dr. Kaplan as less credible than the opinion of Dr. Garson.

7. Although the parties stipulated in the prior litigation that there was work available to the claimant at the weekly wage of $134.00 per week, considering the claimant's partial disability from performing his occupation as a coal miner, no evidence has been presented to establish that work is available to the claimant outside of his occupation as a miner now that the claimant's disability from performing his work has progressed from partial to total. Since the *claimant is totally incapable of performing his former work,* and there is no evidence that alternative work is available to the claimant, your Referee finds as a fact that the claimant is totally disabled as of March 12, 1990.

### Conclusions of Law

2. Based upon the foregoing Findings of Fact, your referee concludes as a matter of law that the claimant is now totally disabled as a result of coal worker's pneumoconiosis arising out of his employment in the coal mining industry and directly related thereto and concludes as a matter of law that the claimant is entitled to recover the benefits of the Pennsylvania Workmen's Compensation Act for total disability as of March 12, 1990. (Emphasis added.)

Employer appealed the referee's decision to the Board which reversed the award of benefits. The Board found that Claimant did not demonstrate any increase in disability from the earlier referee's decision. Further, the Board wrote:

We find no evidence in this case that the alternate employment which was found to be available at the time of the earlier decision was no longer available or that the reason for the stipulation of the parties no longer existed. Stipulation[s] of Fact are binding on the parties as long as the Stipulation does not waive substantive rights. *Singer v. W.C.A.B.*, [90 Pa.Commonwealth Ct. 441], 496 A.2d 67 (1985).

A claimant is not partially or totally disabled based on his physical condition, but rather on his ability to work and the availability of employment. If a Claimant cannot perform his pre-injury job, and has a continuing physical impairment as a result of the work injury, he is totally disabled if there is no work available. He is partially disabled if either, he is working at a lighter lesser paying job or he could be working at a lighter lesser paying job and such work is available. Applying these principles to this case we must conclude that Claimant has not met his burden of proof as a matter of law.

On appeal to this Court,[4] Claimant raises two issues: (1) that the Board erred in determining that Claimant failed to prove that his disability increased from partial to total; and (2) that the Board erred in finding that alternate employment, stipulated to at the prior referee's hearing, was still available to Claimant.

Claimant first argues he has met the following burden of proof set forth in *Cerny v. Schrader & Seyfried, Inc.*, 463 Pa. 20, 25, 342 A.2d 384, 387 (1975):

[A] claimant in a modification proceeding, alleging total disability, initially has the burden of proving an increase in disability and that he is incapable of performing his regular employment. Once having met this burden a finding of

---

4. Where both parties have presented evidence, our scope of review is limited to determining whether the claimant's constitutional rights have been violated, whether an error of law has been committed, and whether all necessary factual findings are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

total disability is warranted unless the employer discharges his burden of proving that work is available which the claimant is capable of obtaining.

Claimant contends that he has presented medical testimony that his *physical* condition had deteriorated. Thus, he argues, the burden is shifted to Employer to show work availability. We disagree.

█ The beginning point of analysis for this case must be Section 413 of the Act[5], which provides, in relevant part:

A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased. . . .

Accordingly, Claimant, as the movant, has the burden of proving that his disability, *that is, his loss of earning power,* has increased after the date of the referee's award for partial disability. *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries),* 536 Pa. 490, 640 A.2d 386 (1994); *J & L Steel Corp. v. Workmen's Compensation Appeal Board (Shutak),* 145 Pa.Commonwealth Ct. 99, 602 A.2d 467, *petitions for allowance of appeal denied,* 530 Pa. 657, 608 A.2d 32, and, 530 Pa. 662, 609 A.2d 169 (1992).

█ At the time Claimant was awarded partial disability benefits, the referee found that Claimant was medically disabled, but his loss of earning power (or disability for the purposes of worker's compensation),[6] was mitigated by the

5. 77 P.S. § 772.

6. The concept of "disability" within the meaning of the Act necessarily involves a physical element as well as a vocational element. Generally speaking a claimant is awarded disability benefits based on his loss of earning power, not solely on the basis of a medical injury. Too often the terms "disability" and "injury" are used interchangeably which results in confusion. *See Dillon* (distinguishing physical disability from loss of earning power); *Luciani v. Workmen's Compensation Appeal Board (Brockway Glass Co.),* 103 Pa.Commonwealth Ct. 623, 520 A.2d

availability of light duty work which he could perform at a lower wage. Section 306(b) of the Act, 77 P.S. § 512. Therefore, Claimant must prove that his physical disability has changed and that he is unable to perform his light duty job, and, therefore, that he has suffered a further loss of earning power. *Meden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 167 Pa.Commonwealth Ct. 68, 647 A.2d 620 (1994). This proof must be made by precise and credible evidence which is of a more definite and specific nature than that upon which the initial compensation is based. *Klingler v. Workmen's Compensation Appeal Board*, 50 Pa.Commonwealth Ct. 335, 413 A.2d 432 (1980). Only when this burden has been satisfied, does the burden shift to Employer to demonstrate the availability of "lighter" light duty work within Claimant's new physical limitations.

Claimant's medical evidence fails to demonstrate such a change. The testimony of Dr. Warfield Garson only establishes that Claimant is totally and permanently disabled from returning to his former employment as an underground coal miner. However, that is the same level of disability demonstrated in the previous proceeding where Claimant was found to be "totally disabled from performing his former occupation as a coal miner." Referee's Decision, 2/1/84, Finding of Fact No. 7. Thus, Claimant's level of "disability" remains the same. Whether a claimant is totally disabled or partially disabled, physically, does not, in this respect, make any difference; under both circumstances the Claimant is disabled from performing his time of injury occupation.

Moreover, the testimony of Claimant's doctor does not establish that Claimant is unable to perform light duty employment. On the contrary, Dr. Garson testified that Claimant *is* capable of light duty work. The relevant portion of Dr. Garson's testimony is as follows:

Q. Doctor, you concluded after your evaluation of Mr. Volk that he was totally and permanently disabled from work-

1256, *petition for allowance of appeal denied,* 516 Pa. 644, 533 A.2d 714 (1987).

ing as a coal miner as a result of coal worker's pneumoconiosis; is that correct?

A. That is correct.

Q. Do you allow for the possibility that Mr. Volk would be capable of performing some type of work which did not involve further exposure to coal dust or coal mine dust?

A. I did not consider that, no.

Q. Is it possible in your opinion based on your evaluation of Mr. Volk that he would be able to undertake some type of light duty work which did not involve further dust exposure?

A. I think that is possible, yes.

Q. Your answer to my question was that you think he would be able to perform some light duty work which did not involve further dust exposure; is that correct, doctor?

A. That is correct.

Deposition of Warfield Garson, M.D. at 40–41. When Claimant was awarded partial disability benefits, he stipulated that there was light duty work available which he could perform. None of the testimony presented by Claimant establishes that his medical condition changed to the extent that he was now no longer able to perform such work.

Claimant's argument that he need only present evidence that his medical condition has merely changed and that he can no longer perform his time of injury job misunderstands the distinction between "injury" and "disability." This issue was recently addressed by the Supreme Court in *Dillon:*

It also appears that 'change in physical condition' gained heightened importance as a factor in the movant's burden of proof [for modification], to the extent of becoming a separate 'requirement', as result of application of a flawed conception of 'disability' under the Act. As we emphasized in *Kachinski [v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987) ], going back to early cases interpreting the Act, 'we determine the degree of a worker's disability by reference to how

the injury affected his earning power.' 516 Pa. at 248, 532 A.2d at 378, citing *Woodward v. Pittsburgh Engineering and Construction Co.*, 293 Pa. 338, 143 A. 21 (1928) ('The disability contemplated by the act is the loss, total or partial, of the earning power from the injury.') See also *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 104 A.2d 104 (1954) ('In the interpretation of the Workmen's Compensation Act ... the work 'disability' is to be regarded as synonymous with 'loss of earning power'.'); *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 233 A.2d 891 (1967); *Barrett v. Otis Elevator Co.* 431 Pa. 446, 246 A.2d 668 (1968).

To the extent that cases ... recognized disability (in the physical sense) as an element *distinct* from loss of earning power, they deviated from proper interpretation of the Act. Inasmuch as both capacity to work and availability of work affect the extent of an injured employee's disability (loss of earning power), it follows that disability, for compensation purposes, may change from partial to total or vice versa on a change in one with or without a change in the other.

*Id.*, 536 Pa. at 501, 502, 640 A.2d at 391–92 (emphasis in original).

Finally, Claimant argues that the Board erred in binding Claimant to the stipulation of job availability of the original proceeding. The Board stated that:

We find no evidence in this case that the alternate employment which was found to be available at the time of the earlier decision was no longer available or that the reason for the stipulation of the parties no longer existed.

Our review of the record supports this conclusion. Claimant's doctor testified that Claimant was able to perform light duty work, and Claimant failed to present any evidence that such work was no longer available. *Cf. Dillon* (in concluding that a prior stipulation of job availability was no longer valid, referee considered evidence that claimant never returned to any employment and had not been able to find employment since the

stipulation of job availability was made). Hence, Claimant failed to overcome his burden of proof that his loss of earning power had increased since the award for partial disability.

In summary, it is not enough in a modification case that Claimant merely show that he can no longer perform his time of injury job. That issue had been litigated and decided in the past in order to establish his partial disability, and cannot be revisited.[7] Claimant must go further and present evidence that he is no longer able to perform his light duty job, or that his light duty job is no longer available to him. *Dillon.*[8]

Accordingly, the Board is affirmed.

### ORDER

NOW, August 23, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

7. In fact, Claimant enjoys a presumption that he is medically unable to perform his time of injury job, and Employer bears liability for some level of compensation. *See Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990).

8. Although the issue was not raised, we note that Claimant would have been precluded from recovering benefits since he is retired. The Supreme Court recently held that a claimant who has voluntarily retired from the work force is not entitled to receive benefits for an occupational disease claim, since it is his retirement, not his disability, which causes his loss of earning power. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).