**Francis STANEK, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (GREENWICH COLLIERIES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 29, 1997.

Decided Oct. 15, 1997.

Blair V. Pawlowski, Ebensburg, for petitioner.

John J. Bagnato, Johnstown, for respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Francis Stanek (Claimant) appeals an order of the Workers' Compensation Appeal Board (Board) reversing the decision of the Workers' Compensation Judge (WCJ) granting his reinstatement petition for total disability pursuant to Section 306(a) of the Workers' Compensation Act (Act).[1]

Claimant worked as a coal miner for Greenwich Collieries (Employer) for approximately 43 years. He labored as an underground coal miner for 35 years and as a lockman for the remaining eight years. As a result of his exposure to coal dust over the years of his employment, Claimant contracted coal worker's pneumoconiosis and left his position with Employer. He filed a claim for benefits asserting that he was disabled and was awarded partial disability benefits for his coal worker's pneumoconiosis, with such benefits to be terminated in July 1991.[2]

Claimant filed a petition for reinstatement alleging that his condition had worsened, leaving him totally disabled.[3] Before the WCJ, Claimant testified that in comparison to the time of the original compensation agreement, his breathing had become worse, requiring him to sleep with three pillows to

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 511.

2. On March 6, 1991, Claimant filed a petition for reinstatement of his benefits alleging that his condition had worsened so that he was totally disabled. Claimant's petition was denied.

3. At the time of Claimant's first petition, March 6, 1991, his partial disability payments were still active; they were not to cease until July 1991. However, at the time of Claimant's second petition, February 1, 1993, his partial disability payments had terminated such that at the time of this petition, those payments had been exhausted.

achieve comfort and avoid gagging and choking. He also testified that he had a cough causing him to spit up gray mucous. Claimant further testified that he had to give up playing golf and gardening activities because of the resultant shortness of breath due to his condition.

Claimant presented the expert testimony of Gordon A. Gress, M.D., a board certified physician in internal medicine. Dr. Gress testified that he had seen Claimant on two occasions, August 20, 1979, and November 29, 1993, both ending with a diagnosis of simple pneumoconiosis. Dr. Gress also testified that during his physical examination of Claimant in 1993, he found that Claimant suffered from kyphoscoliosis, some early clubbing of the fingers, and some crackle sounds at the end of the inspiration in both lungs. While he concluded that Claimant's condition was slowly worsening and that Claimant was disabled from many types of work due to his condition, Claimant was not totally disabled from all employment. However, Dr. Gress failed to identify the types of jobs that Claimant could engage in based upon his limited health status and the fact that he was not totally disabled.

Employer presented the medical testimony of George W. Strother, M.D., a board certified pulmanologist. Dr. Strother testified that based upon his examination of Claimant, there was no evidence that Claimant suffered from dust pneumoconiosis. He also testified that a comparison of the lung function tests performed in 1979 and 1993 did not produce evidence of a deterioration of the Claimant's condition, nor did he find any clubbing of the fingers or crackles in the Claimant's lungs. Dr. Strother concluded that the Claimant could perform the duties of his last job as a coal miner if he were fit by virtue of his age and neuromuscular capacities.

Finding Claimant's testimony credible and Dr. Gress' testimony more credible than Dr. Strother's, the WCJ held that Claimant had proven by competent evidence that his coal worker's pneumoconiosis condition had changed for the worse and granted Claimant's petition for reinstatement of benefits for total disability.[4] Employer then appealed to the Board contending that the WCJ's decision was not supported by substantial evidence in the record because Dr. Gress' testimony did not establish that Claimant was totally disabled. Agreeing, the Board reversed the WCJ's decision and Claimant filed this appeal.[5]

Claimant contends that Dr. Gress' testimony concluding that his coal worker's pneumoconiosis condition had worsened is sufficient evidence to meet his burden of proof to show that he is totally disabled. While agreeing that Dr. Gress never testified that Claimant was totally disabled, Claimant contends that the testimony showing that his condition had worsened is all that is needed to meet his burden of proof, and that any evidence required to show job availability is the Employer's burden. In support of his proposition, Claimant relies upon *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 536 Pa. 490, 640 A.2d 386 (1994), but while it, too, involves a claimant seeking a change from partial to total disability benefits, it does not hold that all a claimant has to do to be successful is to only show that his physical condition has worsened.

While our Supreme Court did state that "both capacity to work and availability of work affect the extent of an injured employee's disability (loss of earning power), it follows that disability, for compensation purposes, may change from partial to total and vice or versa based on a change in one with

4. In granting Claimant's petition, the WCJ relied on *Jones & Laughlin Steel Corporation v. Workmen's Compensation Appeal Board (Shutak)*, 145 Pa.Cmwlth. 99, 602 A.2d 467 (1992), where this Court held that a party seeking to modify an award or agreement must present competent evidence of a change in the party's condition since the date of the original award of compensation benefits. However, *Jones & Laughlin Steel Corporation* addresses the strength of the evidence a claimant must produce in order to meet his bur-

den of proof, and not the substance of that evidence.

5. This Court's review is limited to the determination of whether an error of law has been made, a constitutional right has been abridged, or the necessary findings of fact are supported by substantial evidence on the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Walk v. Workmen's Compensation Appeal Board (U.S.Air)*, 659 A.2d 645 (Pa.Cmwlth.1995).

or without a change in the other", *Dillon,* 536 Pa. at 501, 640 A.2d at 392, the Court did stress that a disability determination included how the injury affected the overall earning power of the claimant. *Id.* at 499–500, 640 A.2d at 391. For a claimant to have his benefits reinstated from partial to total, our Supreme Court went on to hold that the claimant had the burden to show that he was unable to obtain any work within the physical confines caused by his disability and not simply that his injury had worsened. *Id.* at 503, 640 A.2d at 393.

Shortly after *Dillon,* in *Meden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc),* 167 Pa.Cmwlth. 68, 647 A.2d 620 (1994), we also examined the burden of proof a claimant has to meet to have benefits change from partial to total. In *Meden,* a former coal miner suffered from coal worker's pneumoconiosis and was receiving partial disability benefits. After his partial disability benefits were exhausted, claimant petitioned to reinstate his benefits from partial to total disability benefits asserting that his medical condition had worsened, but failed to show any increase in loss of earning power. This Court held that proof of a worsened medical condition did not automatically mean an increase in loss of earning power and was not sufficient for a claimant to meet his burden of proof. *Meden,* 647 A.2d at 622. We stated that, "a claimant who has exhausted his or her partial disability benefits and seeks benefits for total disability, has the burden of proving that his disability, that is, loss of earning power, has increased, not just that his or her medical condition has worsened." *Meden,* 647 A.2d at 623 (citation omitted). Under *Meden,* the claimant was able to show that his medical condition had worsened, but he failed to meet the second prong of his burden of proof

because he did not show that his loss of earning power had increased, and we affirmed the order of the Board.[6]

As in *Meden,* Claimant here failed to show any evidence of an increase in loss of earning power. Dr. Gress specifically stated that based upon his examination of Claimant and all of the information available to him about Claimant, Claimant suffered from coal worker's pneumoconiosis and that his pulmonary condition as a result of the disease was slowly worsening. However, he also testified that Claimant was not totally disabled, but only disabled from many types of jobs, including his previous employment as a coal miner. Dr. Gress did not name any forms of employment in which Claimant could engage based upon the physical limitations of his condition. Also, unlike in *Dillon,* where claimant showed that he was unable to secure employment because of his disability, Claimant here never established that his worsening physical condition led to an increase of loss in his earning power.

Because Claimant failed to meet his burden of proving that his worsened physical condition led to an increase of loss in earning power, the order of the Board denying compensation benefits is affirmed.[7]

### ORDER

AND NOW, this 15th day of October, 1997, the order of the Workers' Compensation Appeal Board dated December 30, 1996, No. A95–0172, is affirmed.

---

6. *See also Diffenderfer v. Workmen's Compensation Appeal Board (Rabestos Manhatten, Inc.),* 651 A.2d 1178 (Pa.Cmwlth.1994); *Volk v. Workmen's Compensation Appeal Board (Consolidation Coal Co.),* 167 Pa.Cmwlth. 75, 647 A.2d 624 (1994); *Butchock v. Workmen's Compensation Appeal Board (U.S. Steel Corp.),* 165 Pa.Cmwlth. 588, 645 A.2d 904 (1994); and *Kunicki v. Workmen's Compensation Appeal Board,* 56 Pa. Cmwlth. 72, 423 A.2d 1368 (1981).

7. We note that both parties cite to *Blair v. Workmen's Compensation Appeal Board (GM & W Coal*

*Co., Inc.),* No. 3006 C.D.1996 (filed May 23, 1997), a prior unpublished opinion of this Court in support of their position. Our internal operating rules specifically state that an unreported opinion of this Court is not to be cited in briefs or used as authority during argument, 210 Pa. Code § 67.15. We remind the litigants and members of the bar that violations of this rule are looked upon with disfavor, and penalties may be imposed for violation of this rule.