**CYPRUS (RAG) CUMBERLAND RESOURCES, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (STEWART), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 28, 2000.

Decided Feb. 12, 2001.

Anne M. Lavelle, Pittsburgh, for petitioner.

Susan Foster Blank, Eighty Four, for respondent.

Before DOYLE, President Judge, FRIEDMAN, Judge, and MIRARCHI, Senior Judge.

DOYLE, President Judge.

Cyprus "(Rag)" Cumberland Resources (Cyprus) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the order of a Workers' Compensation Judge (WCJ) dismissing Cyprus' modification petition and granting Correan Stewart's modification petition.

We reverse with respect to Ms. Stewart's modification petition.

Ms. Stewart was a coal miner who was totally disabled by work-related injuries in a mine cave-in on November 10, 1983.[1] (Dr. William Post Deposition, dated August 23, 1995, p. 5.) Cyprus accepted responsibility and Ms. Stewart received workers' compensation benefits at a rate of $306.00 per week. In January of 1992, Cyprus filed a petition for modification alleging that Ms. Stewart had failed to make good faith applications for available jobs within her physical limitations. The WCJ granted Cyprus' petition and reduced Ms. Stewart's benefits to partial disability **based on the availability of a part-time telemarketer position** paying $6.00 per hour for twenty hours per week. This order was issued on **August 4, 1993,** and effectively reduced Ms. Stewart's benefits from $306.00 per week to $275.83 per week beginning November 1, 1991.

In March of 1995, Ms. Stewart filed a petition for modification alleging that her physical condition had deteriorated to the extent that she had become totally disabled due to her work-related injuries. In September of 1995, she was notified that a sedentary position was available as a weight room supervisor at the Washington YMCA. Ms. Stewart applied for and accepted the position, but only worked five days before resigning. In December of 1995, Cyprus filed a petition for modification alleging that, as of November 30, 1995, Ms. Stewart had failed to make a good faith attempt to perform the duties of the YMCA position. All of the petitions were consolidated for the purposes of the WCJ hearings.

Following a series of hearings, the WCJ concluded that neither Cyprus nor Ms. Stewart had met their respective burdens

---

1. Ms. Stewart's disability is characterized as resulting from knee injuries. We are unable to discern from the record why Ms. Stewart is being compensated for problems with her knees when the Notice of Compensation Payable accepts responsibility for injuries to Ms. Stewart's right hand, shoulder and neck, as well as multiple abrasions and contusions. There is no information contained in the record to indicate that Cyprus assumed responsibility for Ms. Stewart's arthritic knees, but there has been no challenge by Cyprus as to this responsibility.

of proof for a modification of Ms. Stewart's benefits. The WCJ then dismissed both modification petitions, and ordered Cyprus to make total disability payments to Ms. Stewart. Both parties appealed and the Board reversed and remanded, determining that there were inconsistencies in the WCJ's Findings of Fact and Conclusions of Law.

On December 15, 1997, the WCJ issued his subsequent decision and order denying Cyprus' petition and granting Ms. Stewart's petition. Cyprus again appealed to the Board, challenging Findings of Fact numbers 17, 18, 19 and 22 [2] as not supported by substantial evidence, and Conclusions of Law numbers 2 and 3 [3] as erroneous. The Board affirmed the WCJ's decision and Cyprus' appeal to this Court ensued.[4]

 It is established compensation law that a claimant is not partially or totally disabled based solely on her physical condition, but rather on her ability to work and the availability of employment. *Unora v. Glen Alden Coal Co.,* 377 Pa. 7, 104 A.2d 104 (1954). Where a claimant cannot perform her pre-injury job, and has a continuing physical impairment as a result of the work injury, she is totally disabled if there is not work available within her physical limitations. *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968). However, she is only partially disabled if either she is working at a lighter lesser paying job **or she could be working at a lighter lesser paying job.** *Schiavo v. Workmen's Compensation Appeal Board (Frank's Beverages),* 68 Pa.Cmwlth. 479, 449 A.2d 816 (1982). Under *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries),* 536 Pa. 490, 640 A.2d 386 (1994), a claimant is entitled to a modification of benefits from partial to total disability upon a showing that work within the claimant's physical limitations, as caused by the work injury, is not available.[5] Applying these principles to this

---

2. The Findings of Fact at issue state:

 17. Based upon the consideration of all medical evidence of record and based upon the sufficient, competent and credible evidence of record from Dr. Post, it is found, as a fact, that the claimant is totally incapable of performing her former job or any modified job as of March 24, 1995 or any date subsequent thereto. Dr. Post, claimant's treating physician, examined the claimant before and after the claimant's attempt to perform work as a weight room supervisor. Dr. Wissinger's testimony is found incredible as it is based on twelve (12) minutes he spent with the claimant prior to her attempt to increase her activity level by trying the Washington YMCA job.

 18. It is found as a fact that no credible evidence has been presented to support a finding that work is available which the claimant is capable of performing.

 19. It is found as a fact that the employer has failed to prove by sufficient, competent and credible evidence that compensation benefits should be modified or that the claimant had failed to act in good faith in pursuing potential jobs.

 22. It is found as a fact that the claimant's physical condition relative to her work-related injury of November 10, 1983 has worsened as she is not [sic] longer capable of performing sedentary work and, therefore, is totally disabled.

3. The Conclusions of Law at issue here state:

 2. The claimant has met her burden of proof that her physical condition has deteriorated to the extent that she has become totally disabled due to her work-related injuries.

 3. Since the employer has failed to meet its burden of proof, it is concluded as a matter of law that the employer's Modification Petition should be dismissed. It is concluded as a matter of law that the employer is not entitled to a modification of compensation benefits.

4. This Court's standard of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.),* 684 A.2d 673 (Pa.Cmwlth.1996). It is the purpose of the reviewing board and/or appellate court to review the WCJ's conclusions of law, while at the same time ascertaining that the facts found by the WCJ are supported by substantial evidence. *Id.*

5. The Court in *Dillon* held that the claimant, as the party seeking modification from partial disability benefits to total disability benefits, must prove that she was unable to attain any work within her physical limitations, which

case, we must conclude that Ms. Stewart has not met her burden of proof as a matter of law. The record shows, and the WCJ concluded, that Ms. Stewart could not return to her time of injury position and that she was also unable to return to the weight room supervisor's position at the Washington YMCA. However, no evidence was adduced, nor was there a finding made, that Ms. Stewart was unable to continue to perform the sedentary telemarketing work on a part-time basis. Because this was the benchmark established by the parties in the August 1993 proceedings, Ms. Stewart was required to show that her condition had deteriorated and that she was more physically impaired than she had been when she rejected the telemarketer position in 1993. This was the burden required of Ms. Stewart to convert her partial disability benefits into total disability benefits.

Because we find *no* evidence in this case that Ms. Stewart was unable to perform the telemarketer position,[6] the benchmark establishing her modification to partial disability benefits and forming the basis for the WCJ's August 4, 1993 decision, we conclude that the WCJ erred in awarding total disability benefits to Ms. Stewart.

Accordingly, we reverse the Board's decision insofar as it affirmed the WCJ's order granting Claimant's modification petition.

### ORDER

NOW, February 12, 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby reversed insofar as the Board affirmed the WCJ's order granting Ms. Stewart's modification petition.

---

were caused by her work-related injury. In the present appeal, Ms. Stewart not only failed to proffer any evidence that she was unable to attain any work within her physical limitations, but failed to refute her ability to do the telemarketer position. *See also Butchock v. Workmen's Compensation Appeal Board (U.S. Steel Corp.)*, 165 Pa.Cmwlth. 588, 645 A.2d 904 (1994) (concluding that where two physicians testified that claimant was able to do sedentary work in a clean environment, claimant's failure to demonstrate work availability was fatal to her claim).

**6.** In fact, Dr. William R. Post, Ms. Stewart's treating physician, who was credited by the WCJ, testified that Ms. Stewart can stand, walk short distances and sit for short periods (less than eight hours), as long as she can change her position when she experiences discomfort. He at no point indicated that she would be unable to perform the telemarketer position. (Dr. Post's Deposition, dated August 23, 1995, pp. 13–17.) Furthermore, even the medical "report" of Dr. Post—his letter of May 9, 1995—states no more than, "It is my opinion that she is permanently disabled from her November 10, 1983 work-related injury." The fact that Ms. Stewart's disability is **permanent** is not the issue; the issue is whether she is either **permanently *totally* disabled** or only **permanently *partially* disabled.** The opinion of Dr. Post that Ms. Stewart cannot return to her time of injury job simply does not address the essential issue which this Court must decide.